HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TATYANA I MASON,

                Plaintiff,

    v.

JOHN A MASON,

                Defendant.

CASE NO. C17-5289RBL

ORDER DENYING APPLICATION
TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Tatyana Mason's application to proceed in forma pauperis, supported by her proposed complaint [Dkt. #s 1, 3, and 4]. She seeks to sue her ex-husband, apparently to enforce or get recognition of the effect of an I-584 immigration affidavit he signed to obtain her fiancé visa. After the marriage, John Mason made his wife the victim of domestic violence, and they were divorced.

Mason's complaint in this Court does not assert any claims against John Mason. Instead it describes her financial situation, and includes a series of filings from what appears to a dissolution or child custody case in Thurston County.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad

1 discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

2 actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

3 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in

4 forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action

5 is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

6 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

7 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.

8 Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

9 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Tatyana Mason's proposed complaint against her ex-husband does not meet this standard. First, she has not identified any claim against John Mason; she does not tell the court what he did, when, or why, or how it adds up to a claim against him that is properly in this Court. She does not actually ask the Court to do anything to compensate her or otherwise grant her some relief. She has instead only described her own financial difficulties and provided copies of documents form another court. She refers to the Thurston County Superior Court as "the lower court;" but that is not accurate.

1     This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

    This is a trial court, not an appellate court, and it is a court of limited jurisdiction. To state a claim here, the plaintiff must identify an actual claim, and identify both the basis for this Court's jurisdiction over the claim, and its jurisdiction over the parties. The motion to proceed *in forma pauperis* is DENIED. Plaintiff Mason shall pay the filing fee or file a proposed amended complaint within 21 days of this Order or the case will be dismissed.

    Any proposed amended complaint shall address the above deficiencies. It must identify the "who what when where why and how" of the claim, identify the basis of the claim, the basis for the Court's jurisdiction over it, and identify the relief that she seeks and why this Court can give it to her.

    IT IS SO ORDERED.

    Dated this 30th day of May, 2017.

*[signature]*

Ronald B. Leighton
United States District Judge