HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TATYANA MASON,

                Plaintiff,

    v.

JOHN MASON,

                Defendant.

CASE NO. C17-5289

ORDER DENYING PLAINTIFF'S
AMENDED MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Tatyana Mason's amended motion for leave to proceed *in forma pauperis* [Dkt. #11]. Plaintiff sues her ex-husband, Defendant John Mason, to enforce the I-864 Affidavit of Support he signed when Mason entered the country in 1999. She asks the Court to award her $499,926.50 for John's delinquent payments since that time.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in*

1   *forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is

2   frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

3   1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

4   is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d

5   527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

6           A *pro se*'s complaint is liberally construed, but like any other complaint it must

7   nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.

8   *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic*

9   *Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for

10  relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

12  at 678.

13          Mason once again provides—in extensive detail—her financial difficulties, but does not

14  address the shortcomings in her first IFP application. Mason has yet to address why federal court

15  is the appropriate forum for this claim. Nor does she acknowledge or address the fact that she

16  currently has three pending Washington State Court appeals apparently concerning this same

17  issue. The Court told Mason in its prior Order that those proceedings prevented the court from

18  considering this case:

19          This Court cannot and will not review or reverse decisions made in state court. The
            *Rooker-Feldman* doctrine precludes "cases brought by state-court losers
20          complaining of injuries caused by state-court judgments . . . and inviting district
            court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*
21          *Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005).
            [W]hen a losing plaintiff in state court brings a suit in federal district court
22          asserting as legal wrongs the allegedly erroneous legal rulings of the state court
            and seeks to vacate or set aside the judgment of that court, the federal suit is a
23          forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003);
            *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

24

1

2    This is a trial court, not an appellate court, and it is a court of limited jurisdiction.
     To state a claim here, the plaintiff must identify an actual claim, and identify both
     the basis for this Court's jurisdiction over the claim, and its jurisdiction over the
3    parties.

4   [Dkt. #5].

5        Mason's motion to proceed *in forma pauperis* is DENIED. Because Mason cannot cure

6   the existence of the other cases by amending her complaint a third time, the case is dismissed with

7   prejudice.

8

9

10       **IT IS SO ORDERED.**

11

12
     Dated this 29th day of August, 2017.
13

14                                           _____
                                             Ronald B. Leighton
15                                           United States District Judge

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S AMENDED
MOTION FOR LEAVE TO PROCEED IN FORMA
PAUPERIS - 3