HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRENCE J. DONAHUE, Chapter 7 Trustee for the bankruptcy estate of TATYANA I MASON, | CASE NO. C17-5289RBL<br><br>ORDER |
| Plaintiff, | |
| v. | |
| JOHN A MASON, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Bankruptcy Trustee Donahue's Motion for Summary Judgment on Defendant John Mason's affirmative defenses [Dkt. # 40], and on Mason's own Motion for Summary Judgment on the Bankruptcy Trustee's claims. [Dkt. # 47]. The case involves John Mason's "I-864 affidavit of support," executed in connection with his fiancée's (Plaintiff Tatyana's) K-1 visa.

John and Tatyana were married in August 1999, had two children, and were divorced in June 2008. Tatyana filed for bankruptcy in late 2008, and received a discharge in March 2009. In 2017, Tatyana sued to enforce John's I-864 support obligations to her. [Dkt. # 1]

John moved to dismiss or for summary judgment, arguing that Tatyana's failure to list his I-864 obligation to her as an asset meant she had no standing to pursue her claim. [Dkt. # 28]. As

ORDER - 1

a result, Tatyana moved to re-open her bankruptcy and to permit the substitution of the Bankruptcy Trustee (Donahue) as the real party in interest. Tatyana sought to remain a plaintiff in "order to preserve any interest in the claim that may ultimately be found to be outside the bankruptcy estate." [Dkt. # 32 at 2; *see also* Dkt. #s 33 & 34]. That unopposed request was granted. [Dkt. # 36].

Donahue argues that the only factual issue in the case is whether John's I-864 obligations were terminated under the various laws outlining those obligations—IRRIRA and the regulations implemented under it. *See* 8 C.F.R. §213a.2(e) (2006). Donahue argues that the obligation has not terminated.

He claims that some of John's affirmative defenses (Nos. 2-6—waiver, estoppel, *res judicata*, failure to mitigate, and limitations period) should be stricken, because he has pled no facts in support of them. John Mason concedes that these five affirmative defenses do not apply and the Motion to Strike and for Summary Judgment on them is GRANTED. They are DISMISSED with prejudice.

Donahue argues that John Mason's primary affirmative defense (No. 1)—lack of standing because the obligation does not belong to the bankruptcy trustee—is not supportable because the claim accrued prior to her bankruptcy filing.

John's own Motion for Summary Judgment is on this primary defense as well. He now argues he had not breached his I-864 "contract" obligations at the time Tatyana filed for bankruptcy protection, and that Donahue therefore does not have standing to assert them here: "the Chapter 7 Trustee . . . has no standing or authority to pursue post-bankruptcy contract payment for the benefit of Plaintiff's pre-bankruptcy creditors." [Dkt. # 47 at 1]. But he already argued (successfully) that Tatyana did not have standing to enforce the contract because her

claims belonged to her bankruptcy estate. His current claim that the bankruptcy trustee does not have standing to pursue this claim because it had not accrued when she filed is facially at odds with his prior position.

Donahue points out this inconsistency in his Reply [Dkt. # 50], and reiterates that that obligation was not terminated. In his own Reply [Dkt. # 54], John Mason seems to concede that Tatyana does have standing to pursue post-petition obligations, and that the trustee has standing to pursue any pre-petition obligations. But he now contends that Donahue can properly pursue only those claims belonging to the estate (and not those that that accrued after Tatyana's 2008 Chapter 7 filing.)

On the first point, it cannot be the case that neither has standing. One or the other has the requisite standing, and both are plaintiffs in this case. Donahue was substituted to be the real party in interest to resolve a problem John himself first raised, and Tatyana remained a plaintiff expressly to protect any right that she had in the obligation that did not belong to her bankruptcy estate. John's Motion for Summary Judgment dismissing the Trustee's claims on the basis that the obligations accrued *after* the petition was filed is DENIED, because it raises factual questions—Donahue (and Tatyana) claim the obligation accrued earlier, which is why John raised the issue, and why Donahue went to the trouble to enter the case.

If and to the extent John objects to Donahue's counsel simultaneously pursuing similar but later-accruing claims on Tatyana's behalf, it is not clear that *he* has standing to raise that issue. There are two plaintiffs with complimentary claims. How they divide any recovery is up to them, not John. John's Motion for Summary Judgment on this point is also DENIED.

1     Donahue's Motion for Summary Judgment on this first affirmative defense (Donahue's

2 lack of standing) is GRANTED and that defense is DISMISSED to the extent that Donahue

3 seeks to recover pre-petition obligations.

4     IT IS SO ORDERED.

5     Dated this 3rd day of June, 2019.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge