1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    TATYANA MASON, et al.,                        CASE NO. C17-5289JLR

11                              Plaintiffs,         ORDER GRANTING MOTION
                                                    FOR LEAVE TO WITHDRAW AS
              v.                                    COUNSEL
12
13    JOHN MASON,

14                              Defendant.

15                          I.    INTRODUCTION

16         Before the court is Jay W. Gairson's motion for leave to withdraw as counsel for

17    Plaintiffs Tatyana I. Mason and Terrence J. Donahue (collectively, "Plaintiffs").  (Mot.

18    (Dkt. # 67).)  Ms. Mason and Mr. Donahue separately oppose the motion.  (Mason Resp.

19    (Dkt. # 75); Donahue Resp. (Dkt. # 73).)  The court has considered the motion, the

20

21

22

ORDER - 1

parties' submissions in favor of and in opposition to the motion, and the applicable law. Being fully advised,[1] the court GRANTS Mr. Gairson's motion for leave to withdraw.

## II.   BACKGROUND

Ms. Mason filed a voluntary Chapter 7 bankruptcy petition on December 12, 2008. (Donahue Decl. (Dkt. # 74) ¶ 3.)  Mr. Donahue was appointed as Chapter 7 trustee for Ms. Mason's bankruptcy estate, and the case was discharged on March 30, 2009.  (*Id.* ¶¶ 1, 3.)  On June 12, 2017, Ms. Mason filed suit in the instant action against Mr. Mason as a *pro se* litigant seeking immigration-related family support payments.  (*See* Am. Compl. (Dkt. # 6).)  Mr. Gairson filed his notice of appearance as Ms. Mason's counsel on September 27, 2017.  (9/27/17 Not. (Dkt. # 15).)  On February 26, 2018, Mr. Donahue moved to reopen Ms. Mason's bankruptcy estate on the basis that her claims against Mr. Mason accrued before her earlier bankruptcy.  (Donahue Decl. ¶¶ 4-5; Donahue Resp. at 1-2.)  On March 19, 2018, Bankruptcy Judge Brian Lynch authorized Mr. Gairson to be employed as counsel for Mr. Donahue.  (Donahue Resp. ¶ 7, Ex. 1.)  That same day, Mr. Gairson filed his notice of appearance as counsel for Mr. Donahue in the instant action. (3/19/18 Not. (Dkt. # 31).)  Mr. Donahue then filed a motion to substitute plaintiff and amend the complaint.  (Mot. to Substitute (Dkt. # 34).)  Judge Ronald B. Leighton granted this motion, and Mr. Donahue, as the Chapter 7 trustee, was substituted as real

---

[1] No party requests oral argument (*see* Mot. at 1; Mason Resp. at 1; Donahue Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1    party in interest while Ms. Mason remained a nominal plaintiff.  (6/21/18 Order (Dkt.
2    # 36).)

3           Mr. Gairson filed the instant motion to withdraw on January 5, 2021.  (Mot.)  On
4    January 8, 2021, the court set a new trial date for this matter of August 29, 2022.  (Sched.
5    Order (Dkt. # 72) at 1.)  The court established a new discovery cut off date of May 2,
6    2022.  (*Id*. at 1.)

7                                  **III.   ANALYSIS**

8           Under Local Rule 83.2, "[n]o attorney shall withdraw an appearance in any case,
9    civil or criminal, except by leave of court. . . .  The attorney will ordinarily be permitted
10   to withdraw until sixty days before the discovery cut off date in a civil case."  *See* Local
11   Rules W.D. Wash. LCR 83.2(b)(1).  "When ruling on motions to withdraw, courts
12   consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may
13   cause to other litigants; (3) the harm withdrawal might cause to the administration of
14   justice; and (4) the degree to which withdrawal will delay the resolution of the case."
15   *Robertson v. Catholic Cmty. Servs. of W. Wash.*, No. C19-1618RSM, 2020 WL 4674162,
16   at *1 (W.D. Wash. Aug. 12, 2020) (internal quotation marks omitted).  Ultimately, "[t]he
17   decision to grant or deny an attorney's motion to withdraw as counsel is committed to the
18   sound discretion of the trial court."  *Id*.

19          Mr. Gairson seeks to withdraw due to "an irretrievable breakdown in
20   communication between [Mr. Gairson] and Ms. Mason" which has "resulted in a
21   fundamental disagreement as to the prosecution of this matter."  (Mot. at 1; Gairson Decl.
22   (Dkt. # 6).)  Mr. Gairson submits that this breakdown in communication "has created a

1   conflict of interest in representing Ms. Mason and Trustee Donahue at the same time."

2   (Mot. at 2.)  Mr. Donahue and Ms. Mason offer three arguments against Mr. Gairson's

3   withdrawal.  The court concludes that none of these arguments are availing and that

4   withdrawal is proper.

5          First, Mr. Donahue contends that, because Mr. Gairson was authorized by the

6   bankruptcy court to be employed by and represent Mr. Donahue, Mr. Gairson must seek

7   approval for withdrawal in this matter from the bankruptcy court.  (Donahue Resp. at

8   3-4.)  But Mr. Donahue cites no authorities to support the contention that this court may

9   not permit withdrawal of an attorney appearing before it in accordance with the Local

10  Rules.  (*See generally* Donahue Resp.)  How an attorney came to be employed by his

11  client does not limit this court's authority to grant leave to withdraw.  *See Robertson*,

12  2020 WL 4674162, at *1 (noting that approval of withdrawal is "committed to the sound

13  discretion of the *trial* court") (emphasis added).  Further, Mr. Gairson was involved in

14  this case for almost six months before the bankruptcy court approved his employment

15  and Mr. Donahue became a plaintiff.  Thus, the court disagrees that Mr. Gairson must

16  obtain the bankruptcy court's approval before seeking leave to withdraw.

17         Mr. Donahue also argues that he will be prejudiced because he "is unlikely to find

18  alternate counsel with an adequate understanding of the facts and law for this unique

19  claim to represent the bankruptcy estate."  (Donahue Resp. at 4.)  Ms. Mason raises

20  similar arguments.  (Mason Resp. at 1.)  But the Local Rules state that withdrawal will

21  ordinarily be permitted until 60 days before the discovery cut off date.  Local Rules W.D.

22  Wash. LCR 83.2(b)(1).  Mr. Gairson seeks withdrawal over 400 days before the

1   discovery cut off date in this matter.  (*See* Sched. Order.)  This will allow sufficient time

2   for Mr. Donahue and Ms. Mason to find alternate counsel and will not result in prejudice

3   or delay resolution of this case.

4          Finally, Mr. Donahue argues that, since the claim is held by the trustee of Ms.

5   Mason's bankruptcy estate, any disagreement that Mr. Gairson has with Ms. Mason does

6   not impact his representation because "it is up to the Trustee to approve the method of

7   handling the claim" rather than Ms. Mason.  (Donahue Resp. at 5.)  But in Judge

8   Leighton's order on summary judgment, he explicitly recognized that some claims or

9   portions of claims in this suit may not have accrued until after Ms. Mason's bankruptcy

10  proceeding.  (*See* 6/3/19 Order (Dkt. # 55) at 3 ("[Ms. Mason] remained a plaintiff

11  expressly to protect any right that she had in the obligation that did not belong to her

12  bankruptcy estate.")  Judge Leighton also recognized that:  "There are two plaintiffs with

13  complementary claims.  How they divide any recovery is up to them . . . ." (*Id.*)  Thus,

14  the court finds that an irretrievable breakdown in communication between Mr. Gairson

15  and Ms. Mason is sufficient cause to merit withdrawal of Mr. Gairson as both Mr.

16  Donahue and Ms. Mason's counsel.

17         For the foregoing reasons, the court ORDERS that:

18     1.  Mr. Gairson's motion for leave to withdraw as counsel for Plaintiffs Tatyana I.

19         Mason and Terrence J. Donahue (Dkt. # 67) is GRANTED.

20     2.  Plaintiffs are now proceeding pro se in this matter unless or until new counsel

21         makes an appearance on their behalf.

22

3. The Clerk shall update Plaintiffs' contact information on the docket and mail a

copy of this order to:

> Terrence Donahue, Ch. 7 Trustee
> 909 A Street, Suite 600
> Tacoma, WA 98402
> TDonahue@Eisenhowerlaw.com
> (253) 572-4500

> Tatyana I. Mason
> P.O. Box 6441
> Olympia, WA 98507
> Tatyanam377@gmail.com
> (206) 877-2619

4. Unless and until new counsel makes an appearance on Plaintiffs' behalf or provide

the court updated contact information, all future filings in this case shall be served

on them at the above addresses.


Dated this 4th day of February, 2021.


JAMES L. ROBART
United States District Judge

ORDER - 6